LAW OFFICES OF JOHN L. BURRIS
JOHN L. BURRIS, ESQ. (SBN# 69888)
7767 Oakport St., Suite 1120
Oakland, Ca. 94621
Email: John.Burris@johnburrislaw.com
Phone: (510) 839-5200

LAW OFFICES OF STEVEN R. YOURKE
STEVEN R. YOURKE, ESQ. (SBN#118506)
7767 Oakport St., Suite 1120
Oakland, Ca. 94621
Email: syourke@hotmail.com
Phone: (510) 839-5200

Attorneys for Plaintiffs
BARBARA SILVA, MATTHEW HOY,
BRUCE HEMPHILL

IN THE UNITED STATES DISTRICT COURT FOR THE

NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA SILVA, MATTHEW HOY, BRUCE HEMPHILL,<br><br>Plaintiffs,<br><br>Vs.<br><br>CITY OF SAN LEANDRO, a municipal Corporation; IAN WILLIS, Chief of Police, In his official capacity; Sgt. ROBERT McMANUS, police officers BRIAN BUSS, DANIEL SELLERS, MICHAEL BENZ, MATTHEW COSTA, LIAQUAT KHAN, DENNIS MALLY, JASON FLETCHER, SUZANNE HUCKABY in their personal and professional capacities; and Does 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: C09-03649<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. Section 1983)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiffs sue for damages for violation of their civil rights pursuant to 42 U.S.C. section 1983. All Plaintiffs sue for violation of their Fourth Amendment right to be free from unreasonable search and seizure. In addition, plaintiff SILVA sues for violation of her Fifth Amendment right not to be deprived of property without due process of law. This action arises from the unlawful entry of police into the home of the three plaintiffs and the shooting by police of SILVA's beloved pet dog within the residence.

## JURISDICTION

1. This court has jurisdiction over this action pursuant to 28 U.S.C. 1331.

2. The police incident which is the subject of this action occurred in San Leandro, California. Therefore, the proper venue for this action is the Northern District of California in Oakland.

## DEMAND FOR JURY TRIAL

3. Plaintiff demands a jury trial.

## IDENTIFICATION OF PARTIES

4. Plaintiffs SILVA, HOY and HEMPHILL are American citizens and they all reside in California.

5. Defendant CITY OF SAN LEANDRO is and was at all relevant times a municipal corporation under the laws of the State of California.

6. Defendant McMANUS was at all relevant times a Sergeant employed with the San Leandro Police Department and he is sued in both his personal and professional capacities.

7. Defendants BUSS, SELLERS, MALLY, BENZ, COSTA, KAHN, MALLY, FLETCHER and HUCKABY were, at all relevant times, police officers employed by the CITY OF SAN LEANDRO and they are sued in both their official and individual capacities.

8. Defendant WILLIS was at all relevant times, the chief of police of the CITY OF SAN LEANDRO and he is sued in his official capacity.

9. Plaintiff does not know the true identities and capacities of those defendants sued herein as Does 1 through 20 and therefore sues such defendants by such fictitious names. Plaintiffs will amend the complaint to add the true names of such plaintiffs when they are known.

## COLOR OF LAW

10. All defendants acted under color of law in committing the acts complained of herein.

## PUNITIVE DAMAGES

11. The acts and omissions of defendants and each of them as complained of herein were willful, malicious, oppressive and undertaken in disregard for Plaintiffs civil rights. Plaintiffs are entitled to an award of punitive damages against all individual defendants.

## STATEMENT OF FACTS

12. The following facts are alleged on information and belief: On May 24, at around 3:00 a.m., Plaintiffs were asleep in their beds, at their home, located at 632 Beatrice Street in San Leandro. The house belonged to plaintiff HEMPHILL. Plaintiffs HOY and SILVA, a couple, were renting a room in the house. Suddenly, they were awakened by a loud pounding on the door. Plaintiff HEMPHILL answered the door and found several San Leandro police officers on the front step including all of the named police officer defendants. The police told Plaintiffs that they were responding to a 911 call that someone had overdosed on drugs in the house. The call was later determined to be fraudulent. Apparently, the police had received an anonymous phone call from someone holding a grudge against HEMPHILL to the effect that someone was overdosing on drugs in the house.

13.     Plaintiffs HOY and SILVA joined HEMPHILL and spoke with the police. They all assured the police that they were fine and there was no problem at the house. Plaintiff HEMPHILL then closed the door and went back to bed. Apparently the police decided to enter the house anyway in order to investigate the 911 call. Within a few minutes after HEMPHILL closed the door, the police stormed into the house. Defendant Officers MALLY and COSTA entered the garage through an open door and immediately arrested plaintiff HEMPHILL. Defendant Officer KAHN removed HEMPHILL to a patrol car where he slammed HEMPHILL down on the hood of the car. Meanwhile, the other defendant officers entered the garage. Defendant Officer BRYAN called out to HOY and SILVA and then the all the defendant officers led by Sgt McManus entered the house living room through the garage. Police called to HOY to come out to the living room and he complied. HOY complied and walked from his bedroom to the living room. SILVA's pet dog "Boo Boo", a pit-bull mix of very gentle disposition, followed HOY to the living. When Boo Boo approached the living room, Defendant Officer SELLERS shot the dog, mortally wounding it. At no time did Boo Boo ever attack any of the defendant officers.

14.     Upon being shot, Boo Boo ran back into the bedroom where he sought refuge in the arms of his owner, SILVA, who sat in the bed with one hand raised and another around her beloved dog. The police then handcuffed both HOY and SILVA and removed them from the house and placed them in waiting patrol cars. The police then searched through the house while Boo Boo was bleeding all over. After several minutes, the police left the house, apparently satisfied there was no one else present. Then, the police took Boo Boo to a nearby veterinarian, but it was too late – Boo Boo died from his wounds. SILVA and HOY were released without charges.

## FIRST CAUSE OF ACTION

### Violation of Right to be Free From Unreasonable Searches and Seizures
### Fourth and Fourteenth Amendments, United States Constitution

15. Plaintiffs hereby incorporate by reference all allegations set forth in paragraphs 1 through 14, above, as though fully set forth below.

16. In committing the acts complained of herein, the Defendant police officers and each of them arrested plaintiffs and each of them without probable cause to believe that they had committed any crimes and without a warrant thereby violating the rights of all Plaintiffs to be free from unreasonable seizures.

17. Defendant Officer KHAN used unreasonable force in making the arrest and thus violated HEMPHILL's right to be free from unreasonable seizure under the Fourth Amendment.

18. The defendant police officers and each of them, including Sgt. McMANUS entered Plaintiffs' home and searched through it without a warrant and without lawful justification thereby violating the Fourth Amendment rights of all Plaintiffs to be free from unreasonable searches.

## SECOND CAUSE OF ACTION

### By Plaintiff SILVA against Defendant SELLERS -
### Deprivation of Property Without Due Process of Law

19. Plaintiff hereby incorporates by reference as if fully set forth herein all allegations contained in paragraphs 1 through 18, above.

20. Defendant Officer SELLERS deliberately shot and killed SILVA's pet dog Boo Boo without lawful excuse or justification, thus depriving SILVA of property without due process of law in violation of her rights protected by the Fifth and Fourteenth Amendments of the United States Constitution.

WHEREFORE Plaintiff sues for relief as set forth below:

## THIRD CAUSE OF ACTION

### Against defendant CITY OF SAN LEANDRO and Police Chief IAN WILLIS
### Monell Claim: Failure to Train, Supervise and Discipline Police

21. Plaintiff hereby incorporates by reference as if fully set forth herein all allegations contained in paragraphs 1 through 19, above.

22. At all relevant times, the CITY OF SAN LEANDRO had a legal duty to adequately train, supervise and discipline its police officers in order to protect the safety of members of the public who might come in contact with such officers, including Plaintiffs.

23. Defendants CITY OF SAN LEANDRO and Police Chief WILLIS failed to adequately train, supervise and discipline their police officers and thereby proximately caused injury to Plaintiff as complained of herein.

24. Said failure was due to the deliberate indifference of the CITY OF SAN LEANDRO and of Police Chief WILLIS to the danger posed by such inadequate training, discipline and supervision to members of the public coming in contact with the police.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and each of them sue for relief as follows:

    1. Compensatory damages in the amount of $500,000.00.

    2. Special damages according to proof at trial.

    3. Punitive damages according to proof at trial.

    4. Attorney's fees pursuant to 42 U.S.C. section 1988;

//

//

//

5. All other relief that this court may award in the interest of justice.

Dated: July 21, 2009

LAW OFFICES OF JOHN L. BURRIS

*/s/ John Burris*

John L. Burris, Esq.
Attorney for Plaintiffs
BARBARA SILVA, MATTHEW HOY,
BRUCE HEMPHILL