**United States District Court**
For the Northern District of California

1
2
3
4
5              UNITED STATES DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA
7
8    BARBARA SILVA,                        No. C-09-03649 JCS
9              Plaintiff,
10        v.
11   CITY OF SAN LEANDRO, ET AL.,
12             Defendants.
                                                    /
13
14
15        **COURT'S PROPOSED JURY INSTRUCTIONS: PHASE ONE**
16
17
18   DATED: January 19, 2011
19
20                                 _____
                                   JOSEPH C. SPERO
21                                 United States Magistrate Judge
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.  There is one Plaintiff in this case: Barbara Silva.  There is one Defendant in this case: Officer Daniel Sellers.  The Plaintiff brings one claim against Officer Sellers, under 42 U.S.C. § 1983.  Ms. Silva's § 1983 claim is based on the claim that Officer Sellers violated her Fourth Amendment right to be free from unreasonable seizures of property when he shot her dog.  Officer Sellers denies her claim and contends that he acted reasonably in shooting Ms. Silva's dog in light of the circumstances facing him at the time of the incident.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits which are received into evidence; and

3.      Any facts to which the lawyers have agreed.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 5**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4.   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**United States District Court**

For the Northern District of California

6

**JURY INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 8**

**STIPULATIONS OF FACT**

**To be completed**

**JURY INSTRUCTION NO. 9**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.     The opportunity and ability of the witness to see or hear or know the things testified to;

2.     The witness's memory;

3.     The witness's manner while testifying;

4.     The witness's interest in the outcome of the case and any bias or prejudice;

5.     Whether other evidence contradicted the witness's testimony;

6.     The reasonableness of the witness's testimony in light of all the evidence; and

7.     Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

9

**JURY INSTRUCTION NO. 10**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.  Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court

For the Northern District of California

10

**JURY INSTRUCTION NO. 11**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**JURY INSTRUCTION NO. 12**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 13**

**HYPOTHETICAL QUESTIONS**

An expert witness was asked to assume that certain facts were true and to give an opinion based upon that assumption. This is a hypothetical question. If any fact assumed in such a question has not been established by the evidence, you should determine the effect of that omission upon the value of an opinion based on that fact.

**JURY INSTRUCTION NO. 14**

**ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

**United States District Court**

For the Northern District of California

14

**JURY INSTRUCTION NO. 15**

**LAW APPLICABLE TO PLAINTIFFS' CAUSES OF ACTION - INTRODUCTION**

I will now instruct you on the law as it applies to the claim asserted by Ms. Silva against Officer Sellers.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 16**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY**

**ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her § 1983 claim against Defendant, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

    1.    The Defendant acted under color of law; and

    2.    The acts of the Defendant deprived the Plaintiff of her right under the Fourth Amendment of the United States Constitution to be free from unreasonable seizures.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Officer Sellers acted under color of law.  Thus, if you find that Plaintiff has proved by a preponderance of the evidence that Officer Sellers committed an unreasonable seizure when he shot Ms. Silva's dog, you should enter a verdict in favor of Plaintiff.  If, on the other hand, Plaintiff has failed to prove by a preponderance of the evidence that Officer Sellers committed an unreasonable seizure, your verdict should be for the Defendant.

What constitutes an unreasonable seizure will be explained in later instructions.

16

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 17**

**REASONABLENESS OF SEIZURE**

To comply with the Fourth Amendment, the shooting of Ms. Silva's dog must have been reasonable under the circumstances.  You should look to the totality of the circumstances to determine whether the destruction of property was reasonably necessary to effectuate the performance of the law enforcement officer's duties. A seizure becomes unlawful when it is more intrusive than necessary. In determining how severe the intrusion was, you may take into account that a dog is more than just a personal effect and that the emotional attachment to a dog is not comparable to a possessory interest in furniture. In determining whether Officer Sellers acted reasonably, you should consider all the circumstances, including:

1.   The severity of the circumstances to which Officer Sellers was responding;

2.   The amount of time available to plan the entry into the residence, whether  Officer Sellers was aware that there was a dog inside the house, and whether less intrusive methods of entering were reasonably available;

3.   The amount of time that Officer Sellers had to decide on a response to any perceived threat from Plaintiff's dog once inside the house;

4.   The availability of alternative methods for responding to Plaintiff's dog when the dog appeared.

**JURY INSTRUCTION NO. 18**

**REASONABLENESS OF SEIZURE**

The reasonableness of a particular seizure must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  The inquiry is whether the officer acted reasonably under the circumstances, not whether another reasonable, or more reasonable interpretation of the events can be constructed after the fact.

**JURY INSTRUCTION NO. 19**

**INTENTIONAL OR RECKLESS BEHAVIOR OF OFFICER - NO SELF-DEFENSE**

If Officer Sellers intentionally or recklessly provoked a confrontation with Ms. Silva's dog, he cannot justify the shooting of the dog as a reasonable seizure in defense of self or others.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 20**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

20

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 21**

**COMMUNICATION WITH COURT**

     If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 22**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**United States District Court**

For the Northern District of California